UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA
    Plaintiff,                    Case no.: 3:11-CR-5-J-20JRK

vs.

JASON COLE VOTROBEK,
    Defendant.
_____/

## MOTION IN LIMINE TO STRIKE THE SURPLUSAGE AND TO REDACT THE INDICTMENT AND MOTION TO EXCLUDE AND/OR REDACT OTHER GOVERNMENT CHARTS AND FURTHER EXCLUDE EVIDENCE OF DEFENDANT JASON VOTROBEK OWNERSHIP IN ATLANTA MEDICAL GROUP

COMES NOW, Defendant, Jason Votrobek, by and through undersigned Counsel, and hereby moves this Honorable Court strike Count Two from the Second Superseding Indictment, as those Defendants charged with Count Two have pled or have been severed and are therefore surplusage. The Defendant, Jason Votrobek further moves the Court to strike the references to Atlanta Medical Group contained in B ¶ 21 as surplusage; and further enter an order instructing the United States Attorney's Office, any and all representatives, any and all witnesses from making any direct or indirect statements at trial regarding mention of the separate Georgia Indictment, case or clinic known as Atlanta Medical Group (AMG) and excluding any evidence relating to AMG.

## Background

The indictment charges Jason Votrobek in Count One, with participation in a conspiracy to unlawfully prescribe Oxycodone to patients of three pain clinics in Jacksonville Florida ("clinics"). Jason Votrobek, along with the co-defendants, are alleged to have participated in the distribution of Oxycodone pills for other than a legitimate medical purpose and not in the usual course of professional practice. § B, ¶21 of the second superseding indictment reads, "During the Jacksonville, Florida conspiracy, Votrobek went to Atlanta, Georgia to open his own pain management clinic, known as Atlanta Medical Group (AMG)."

Defendant filed a Motion for Bill of Particulars (Doc. No. 343) on April 20, 2012. The Court entered an order (Doc. No. 406) on June 11, 2012, Granting in part the request for information in regards to the separately charged Georgia indictment and allegations of overlapping dates. Specifically the Government was ordered to "clarify when Defendant Votrobek ceased his participation in the conspiracies charged in this case." Further the order directed that the "Government shall provide for Defendant any other places where the events alleged in the conspiracy took place." In response Votrobek received a letter from the Government dated October 11, 2012 which advises the following :

> While the charged conspiracy in the Middle District of Florida Case is alleged to have occurred from December 2009 through the end of July 2010, the government's position if that Jason Votrobek ceased his participation in the Middle District Conspiracy at some point in April 2010. Shortly thereafter, Votrobek opened Atlanta Medical Group (AMG) in the Atlanta Georgia Area, which is the subject of the Northern District of Georgia Indictment. The government is not alleging that Votrobek's ownership and participation in AMG was part of the Middle District of Florida conspiracy. ... [T]he Middle District of Florida does not presently have sufficient information to allege that any of the co-defendants in the Northern District of Georgia indictment were co-conspirators (whether indicted or unindicted) in the charged Middle District of Florida case.

### Georgia and AMG-related Evidence in Question

In addition to the language used in ¶21 of the indictment, there are many other references to Votrobek's participation in Georgia and AMG. A portion of the prosecution's evidence in this case will be introduced through indicted co-defendants, who are now Government witnesses with signed plea agreements awaiting sentencing. Recently provided discovery in the form of proffers given by the co-defendants contains reference to Votrobek going to Georgia to open AMG. Additionally, cell phone records obtained presumably in the Georgia case are riddle with reference to acts in Georgia and other states outside the scope of the Florida Conspiracy. The Government's paid informant, John Friskey, also makes calls to Votrobek after his participation in the alleged Florida conspiracy has ended in an attempt to illicit statements about AMG and those calls are recorded and provided in discovery.

Additionally, the Government's evidence and recently prepared summary charts make reference to proceeds in an account in Jason Votrobek's name. This account includes money received after the date they Government concedes Votrobek's participation ends and most of which specially are derived from AMG.

### ARGUMENT

### A. STRIKING SURPLUSAGE

The progeny of cases including Supreme Court precedent, allows courts to delete specific factual allegations that the government does not intend to prove as well as theories of prosecution from an indictment so long as doing so narrows, as opposed to expands, the charges a defendant faces. By striking specific allegations or theories from the charging instrument, the defendant suffers no prejudice.

The Supreme Court in *Russell v. United States*, 369 U.S. 749, 82 S.Ct. 1038, 8L.Ed.2d 240 (1962), held

> [T]hat in federal courts an indictment may not be amended except by resubmission to the grand jury unless the change is merely a matter of form. Subsequent cases out of this circuit have not interpreted this as restricting deletion of surplusage from the indictment. Therefore, we find this is not an amendment. The deletion eliminated one of the alternatives specified in the statute and added nothing to the indictment. The remaining allegation charged an offense under 18 U.S.C. §§ 1462 and 2.

*Id.* at 957 (*citing United States v. Prior*, 546 F.2d 1254 (5th Cir. 1977); *United States v. Musgrave*, 483 F.2d 327 (5th Cir. 1973), *cert. denied* 414 U.S. 1023, 94 S.Ct. 447, 38 L.Ed.2d 315 (1973) and *Womack v. United States*, 414 U.S. 1025, 94 S.Ct. 450, 38 L.Ed.2d 316 (1973); *Thomas v. United States*, 398 F.2d 531 (5th Cir. 1967); *Marsh v. United States*, 344 F.2d 317 (5th Cir. 1965); *Overstreet v. United States*, 321 F.2d 459 (5th Cir. 1963), *cert. denied* 376 U.S. 919, 84 S.Ct. 675, 11 L.Ed.2d 614 (1964)).

In *United States v. Pigrum*, the Fifth Circuit upheld the validity of a conviction after the district court amended an indictment to strike language where doing so "reduced the defendant's exposure to conviction." 922 F.2d 249, 254 (5th Cir. 1991). Similarly, eliminating the honest services fraud allegations from the indictment reduces defendant's exposure to the extent that the United States will proceed at trial against Defendants solely on the ground that they deprived Enron and its shareholders and to obtain money and property by means or materially false pretenses, representations and promises.

In *United States v. Poindexter*, the United States moved to strike language from the first count of a two-count indictment (but not dismiss the entire count) that had the effect of narrowing its proof under that count. The defendant objected and argued that he was entitled to be tried under the broader indictment returned by the grand jury "and none other." 719 F.Supp.

6, 8 (D.C. Cir. 1989) The Court rejected this argument and reasoned:

> That argument conflicts head-on with the decision of the Supreme Court in *United States v. Miller*, 471 U.S. 130, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985). In that case, a unanimous Supreme Court upheld the validity of a conviction upon proof that was narrower than the indictment. In the view of the Supreme Court, this change in the proof did not deprive the defendant of his right to be tried on an indictment returned by a grand jury. On the same principle, the reduction of the language of an indictment does not deny to a defendant his grand jury rights, provided that (1) the indictment as so narrowed continues to state a complete criminal offense, and (2) the offense is contained in the indictment as originally returned.

*Id.* at 8-9 (*citing Salinger v. United States*, 272 U.S. 542, 548-49, 47 S.Ct. 173, 175, 71 L.Ed. 398 (1926); *United States v. Zauber*, 857 F.2d 137, 151 (3rd Cir.1988); *United States v. Diaz*, 690 F.2d 1352, 1356 (11th Cir.1982); *United States v. Milestone*, 626 F.2d 264, 268 (3rd Cir.1980); *United States v. Lyman*, 592 F.2d 496, 500 (9th Cir.1978); *Thomas v. United States*, 398 F.2d 531 (5th Cir.1967)). Similarly, the "reduction of the language" of the indictment proposed here does not deny the defendants their grand jury rights. In fact none of the Defendants charged in count two will be brought to trial at this time.

Nor by deleting the surplusage would the Court limit the Indictment in such a way that the Indictment no longer charges an offense. After the surplusage is struck, the Indictment contains specific allegations in support of each of elements of conspiracy and money laudering. In this case, "the indictment follows the statutory language of [section 846]", *United States v. Thomas*, 348 F.3d 78, 82 (5 Cir. 2003), to the letter. Thus, the "indictment as so narrowed continues to state a complete criminal offense and the offense is contained in the indictment as originally returned." *Poindexter*, 719 F.Supp. 6 at 8. The Government suffers no prejudice from the deletion of the surplusage. In fact inclusion of this language only serves to mislead the jury and prejudice the Defendants.

## B. REDACTION/EXCLUSION OF AMG

The Government has conceded that Votrobek ceased participation in the Florida Conspiracy sometime in April prior to opening AMG. Further, the Government acknowledges that AMG is not the subject of the Middle District of Florida Case and is the subject of a separate pending indictment in the Northern District of Florida. There are no two similar co-defendants within the two separate indictments. Additionally, at the time of the filing of this motion Votrobek has not been given notice of the Government's intention to introduce any 404 (b) evidence, and any subsequently notice should be stricken as untimely.

Additionally, these statements obviously constitute inadmissible hearsay evidence. See Fed. R. Evid. 801, 802. Any admission of these statements containing such information, without the Defendant's right to test the accuracy of said statement made by the out of court declarant would violate their Constitutional right to confrontation, cross-examination, and a fair trial, and should therefore be excluded. See U.S.C.A. 6; U.S.C.A. 14

The evidence specially listed above and other similar evidence is further inadmissible under Fed. R. Evid. 401, 403. Under Fed. R. Evid. 401, evidence is relevant if "it has a tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Also, Fed. R. Evid. 403 says "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." As there is absolutely no probative value with regard to the Florida Conspiracy any such evidence must be excluded. Any of this evidence sought to be introduced by the government would simply allow the jury to mislead and would be highly prejudicial to Defendant Votrobek.

In view of the above, Defendant Votrobek moves this Honorable Court to enter and order instructing the Government as follows regarding the above issues:

1. Redaction of the Second Superceding Indictment, Striking the language regarding Count Two and AMG as surplusage; (pg 6, ¶21, line 4-6, pg13- 14 Count Two); and
2. Excluding any testimony in reference of the pending case in the Northern District of GA; and
3. Excluding any testimony referencing AMG; and
4. Excluding any and all hearsay regarding Georgia or Atlanta; and
5. Excluding all bank records containing information after the date of Votrobek's ceased; and participation in the Florida Middle District conspiracy; and
6. Excluding any and all bank records regarding deposits, withdrawals transfers or any other transactions from AMG or other co-defendants in the Northern District of GA indictment; and
7. Excluding any and all records, testimony and hearsay regarding money seized from Votrobek's person, home, automobiles or other accounts during the execution of a warrant issued out of the Northern District; and
8. Redact the summary financial charts and any other records sought to be introduced striking the money reflected from proceeds of AMG and from dates subsequent to the Florida conspiracy;
9. Excluding all text messages seized as a result of the Georgia indictment.

Respectfully Submitted,

s/ Brook Butler
Brook L. Butler, Esquire
Florida Bar No.: 025784
601 21st Street, Suite 300
Vero Beach, Florida 32960
Phone: 772-453-2820
Fax: 772-453-2822
Email: blblawyer4people@live.com

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSOVILLE DIVISION

UNITED STATES OF AMERICA
    Plaintiff,                         Case no.: 3:11-CR-5-J-20JRK

vs.

JASON COLE VOTROBEK,
    Defendant.
_____/

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 14, 2013 I electronically filed the foregoing with the Clerk of the Court by using CM/ECF System which will send a notice of electronic filing to the following: Jay Taylor, Esquire, Assistant U.S. Attorney, United States Attorney's Office, 300 North Hogan Street, Suite 700, Jacksonville, Florida 32202.

                                                  Respectfully Submitted,

                                                  s/ Brook Butler
                                                  Brook L. Butler, Esquire
                                                  Florida Bar No.: 025784
                                                  601 21st Street, Suite 300
                                                  Vero Beach, Florida 32960
                                                  Phone: 772-453-2820
                                                  Fax: 772-453-2822
                                                  Email: blblawyer4people@live.com